UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH NG, and<br>MICHAEL PON,<br><br>　　　　　Defendants. | Case No. 15-cr-00323-VC<br><br>**ORDER ON MOTIONS IN LIMINE AND MICHAEL PON'S MOTION FOR DISCOVERY**<br><br>Re: Dkt. Nos. 141, 145, 146, 147, 148 |

For the reasons given at the pretrial conference, the following rulings apply to the motions in limine:

Ng's Motion in Limine No. 1

The motion to exclude Lino's August 5, 2014 statement to the police is granted.

Ng's Motion in Limine No. 2

The motion to exclude Ng's prior convictions is granted.

Pon's Motion in Limine

The motion is granted with respect to Lino's August 5, 2014 statement to the police. Should Ng decline to testify, Ng's August 5 statement to the police cannot be used against Pon. Statements made by Lino to the undercover officer after April 23, 2014 are not admissible against Pon.

Government Motion in Limine No. 1

The motion to preclude reference to punishment is granted to the extent discussed at the pretrial conference.

Government Motion in Limine No. 2

The motion is granted to the extent the government seeks to limit opening statements to description of facts that counsel intends to prove.

Government Motion in Limine No. 3

The motion is granted to the extent that the defendants seek to introduce evidence they were required to produce in discovery.

Government Motion in Limine No. 4

The motion to preclude presentation of unnoticed affirmative defenses is denied as moot.

Government Motion in Limine No. 5

The motion is granted to the extent it seeks redaction of the name and identifying information of the confidential source from the publicly available trial transcript and documents filed on the public docket. The motion is denied to the extent it seeks to limit the scope of defense counsel's examination.

Government Motion in Limine No. 6

The motion is granted with respect to statements made by Ng and Pon to the undercover agent – those statements are admitted. With respect to Lino's statements to the undercover agent, the motion is granted in full as to Ng and only with respect to statements occurring on or before April 23, 2014 as to Pon.

Government Motion in Limine No. 7

The government's motion to allow Lino's testimony against Pon is denied, and Pon's cross-motion to exclude this testimony is granted. As discussed more fully at the pretrial conference, in a trial involving both defendants, allowing Lino to testify against Pon while invoking the spousal testimony privilege to avoid testifying against Ng would create serious Confrontation Clause problems. And even if Lino's testimony against Pon would not, strictly speaking, violate the Confrontation Clause, the unfair prejudice to Pon would far outweigh the probative value of the testimony under Rule 403, because Lino's invocation of the privilege as to Ng would significantly interfere with Pon's ability to cross-examine her and otherwise defend

himself.[1]

Because Pon and Ng are currently scheduled to be tried together, the Court's ruling is simply to exclude Lino's testimony. However, there is an alternative remedy, which is to sever Pon's trial from Ng's, and proceed with Ng's trial first. In that scenario, it's unlikely that Lino would be able to invoke the spousal testimony privilege in the subsequent trial against Pon. *See U.S. v. Premises Known as 281 Syosset Woodbury Road*, 71 F.3d 1067, 1070-71 (2d Cir. 1995); *see also In re Grand Jury*, 111 F.3d 1083, 1086-89 (3d Cir. 1997). As explained to the government at the pretrial conference, the Court is willing to impose this alternative remedy if that is the government's preference. But absent word from the government to this effect, the Court's final ruling is that Lino's testimony is excluded.

Finally, a note about the spousal testimony privilege. Historically, the law has recognized a "joint participant" exception to the spousal testimony privilege, such that a witness has no right to invoke the privilege if she was a joint participant in the alleged criminal conduct. The Ninth Circuit, however, has held that this exception does not apply. *United States v. Ramos-Oseguera*, 120 F.3d 1028, 1042 (9th Cir. 1997), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000). This holding appears to be based on a misreading of *Trammel v. United States*, 445 U.S. 40 (1980). *See United States v. Seminole*, 865 F.3d 1150, 1153-54 (9th Cir. 2017) (adopting, in a different context, the correct reading of *Trammel*). If the *Ramos-Osegura* ruling did not apply here, this Court would rule that Lino may not invoke the spousal testimony privilege at all, on the ground that the joint participant exception applies.

The government has indicated that it is considering appealing this pretrial ruling excluding Lino's testimony (or, alternatively, severing the trials). For what it's worth, this Court is of the view that the ruling qualifies for interlocutory appeal if the government wishes to pursue

---

[1] Indeed, although the government assumes that Lino could provide testimony about Pon's involvement in the conspiracy while invoking the privilege with respect to Ng, it's quite possible that any testimony she could give about the conspiracy would be considered testimony against Ng, since Ng was part of the conspiracy. *See In re Grand Jury Subpoena to Mrs. C.D.*, 22 F. Supp. 2d 507, 508 (D. Md. 1998); *cf. In re Grand Jury Matter*, 673 F.2d 688, 692-94 (3d Cir. 1982).

one, so that the Court of Appeals may consider all these important issues, including whether *Ramos-Osegura* should be revisited en banc.

Government Motion in Limine No. 8

The motion for permission to elicit testimony about Ng's statements to law enforcement is granted so long as the government takes the precautions discussed at the pretrial conference.

Government Motion in Limine No. 9

The motion regarding the admissibility of the defendants' prior convictions is denied.

Government Motion in Limine No. 10

The motion to allow lay testimony by TFO Sena is granted, with the caveat that the government must strictly delineate between fact and opinion testimony in the manner discussed at the pretrial conference.

Government Motion in Limine No. 11

The motion to allow expert testimony by TFO Mahon is granted to the extent he will address the quantities of methamphetamine typical for purchase and sale, prices of bulk amounts of controlled substances in California, and information on drug purity. It is otherwise denied without prejudice to a renewed motion during trial.

Pon's Motion to Compel

The motion is denied as moot as to documents concerning Lino and granted in part as to documents concerning the confidential source. The government is ordered to produce by 5 p.m. today an accounting of the payments and other benefits provided to the confidential source. The Court will consider the government's in camera submission before ruling on the extent to which additional disclosure is required.

References to Flavia Lino's Sentence

Pon's request to admit information regarding Lino's punishment and the events leading up to her sentencing is denied.

Admissibility of Recorded Conversations

If the government establishes a foundation for the entire recording of a conversation, the

entire tape may be submitted to the jury. Defense objections to specific portions of these recordings must be filed by Tuesday morning at 9 a.m. The government's response is due by Tuesday at 2 p.m. The parties are advised that the Court will need a copy of the recording and a transcript to rule on the objections.

**IT IS SO ORDERED.**

Dated: September 15, 2017

VINCE CHHABRIA
United States District Judge